IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK MOHR** | : | |
| | : | CIVIL ACTION |
| **v.** | : | |
| | : | NO. 22-3458-JMY |
| | : | |

**DAVID PECHISHEN**, et al.

## ORDER

AND NOW, this 12th day of December, 2022, upon careful and independent consideration of Plaintiff's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 (ECF No. 1), and after review of the Report and Recommendation of United States Magistrate Judge Scott W. Reid (ECF No. 10) **IT IS ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Plaintiff's Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice.[i]

4. There is no basis for the issuance of a certificate of appealability.

5. The case is **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[i] Where a habeas petition has been referred to the magistrate for a report and recommendation, the district Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge…receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (b) (1) (C). A district court may decline to review a magistrate judge's report and recommendation when neither party has filed a timely objection. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). When no timely objection is made within fourteen days after being served with the magistrate's report and recommendation, the district court need only review the report and recommendations for plain error or manifest injustice. *See Nara v.* Frank, 488 F.3d 187, 196 (3d Cir. 2007); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa.

1998)*; Cruz v. Chater,* 990 F. Supp. 375, 375-78 (M.D. Pa. 1998); Fed. R. Civ. P. 72, 1983 Advisory Committee Notes, Subdivision (b).  An error is "plain" if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993).  When timely and specific objections are made, the district court reviews de novo those portions of the report and recommendation to which an objection is made.  *Id.* at § 636 (b) (1) (C); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

Petitioner filed the present action for habeas corpus relief on August 26, 2022, maintaining that his right to a speedy trial was violated in two criminal cases pending against him in state court:  1) Northampton County Case No. CP-48-CR-0000204-2021 in which he entered a guilty plea to one count of possession of drugs with intent to deliver; and 2) Northampton County Case No. CP-48-CR-0000205-2021 wherein he was charged with strangulation, aggravated assault, simple assault, arising out of an alleged assault on his wife. (ECF No. 10 at 1.)  In the latter case, Plaintiff sought and received at least three continuances of his trial.  (*Id.*) When Plaintiff filed his Petition for habeas relief, he was awaiting sentencing in the former case and trial in the latter case and had not yet sought state court appellate review. Plaintiff's Petition centers around his claim that his right to a speedy trial was violated because "[m]y signature was forged to waive my Rule 600 and right to speedy trial without my knowledge or consent on September 7, 2021, and March 24, 2022." (ECF No. 1 at 5-7.)  However, this is the sum total of all that he wrote. On October 18, 2021, United States Magistrate Judge Scott W. Reid issued a Report and Recommendation that Plaintiff's Petition for Habeas Corpus be Dismissed with Prejudice for failure to exhaust state court remedies.

Since Plaintiff failed to timely object to Judge Reid's Report and Recommendation, we review under a plain error standard. A review of the record reveals Judge Reid correctly concluded that Plaintiff has failed to exhaust his available remedies in state court, and that habeas review would be premature. A district court "ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)(A*)); see also Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.").  In order for a federal habeas petitioner to exhaust a claim, he "must give the state courts one full opportunity to resolve any constitutional issue[ ] by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also Halloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct appeal or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

Plaintiff has not invoked one complete round of the state's established appellate review process with respect to his claims nor has he alleged any "special circumstances" that would allow federal review of the criminal cases pending against him.  *Braden v. 30th Judicial Cir. Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court").   Plaintiff obtained several continuances of his trial. He now claims that his "signature was forged to waive my Rule 600 and right to speedy trial without my knowledge or consent," without any factual context or any supporting arguments. Nor does he explain the significance of his subsequent applications for an extension, which he does not claim were forged. The vague and conclusory nature of Plaintiff's claims, unsupported by specific facts are a basis upon which his claims can also be dismissed, and the Court need not accept these conclusory arguments. *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991).  Therefore, the Court dismisses Plaintiff's Petition for failure to exhaust.